UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KEVIN BURGESS MORRIS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 2:21-CV-00024-JRG-CRW |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Kevin Burgess Morris's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and the United States' Response [Doc 43]. For the reasons herein, the Court will deny Mr. Morris's motion.

### I. BACKGROUND

In 2018, Mr. Morris pleaded guilty to conspiring to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. [Plea Agreement, Doc. 258, at 1, 2:18-CR-00034-16-JRG-CRW]. With a criminal history category of VI and total offense level of 35, he had a guidelines range of 292 to 365 months' imprisonment. [Statement of Reasons, Doc. 546, at 1, 2:18-CR-00034-16-JRG-CRW]. Over the United States' objection, however, the Court, after weighing 18 U.S.C. § 3553(a)'s factors, granted his motion for a variance and sentenced him to a below-guidelines sentence of 240 months. [*Id.* at 2–3; J., Doc. 545, at 2, 2:18-CR-00034-16-JRG- CRW]. In varying downward, the Court opined that the record overstated Mr. Morris's criminal history, and it also expressed a policy disagreement with USSG § 2D1.1(b)(1). [Statement of Reasons at

1

3]. Mr. Morris did not appeal the Court's sentence, but he now moves the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The United States opposes his motion. Having carefully reviewed and considered Mr. Morris's claims and the parties' arguments, the Court is now prepared to rule on them.

## II. STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these

2

three bases for relief, a petitioner's allegations must consist of sufficient facts showing he is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," he will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d `695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

3

### III. ANALYSIS

In pursuing relief under § 2255, Mr. Morris claims that his attorney rendered ineffective assistance of counsel, that his criminal-history score is inaccurate, and that his sentence was "excessive." [Pet'r's Mot. at 4–8]. In response, the United States maintains that Mr. Morris's claims are untimely. The Court agrees with the United States.

Section 2255's one-year statute of limitations states:

The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Of these four subsections, only § 2255(f)(1) is relevant to Mr. Morris's case. Under § 2255(f)(1), the Court's judgment against Mr. Morris became final on the expiration of the last day on which he could have timely appealed that judgment, *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004), and that day was March 21, 2019, which was the two-week mark from the Court's entry of judgment on March 7, 2019, *see* Fed. R. App. P. 4(b)(1) (providing that a defendant must tender his notice of appeal within fourteen days of a district court's entry of judgment). Mr. Morris's motion was therefore due in this Court no later than March 21, 2020, but he did not file his motion until February 8, 2021—almost a full year later. His claims are therefore untimely under § 2255(f)(1).

4

Because Mr. Morris's claims are untimely, the only way that the Court can consider them is through the doctrine of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (determining that § 2255's "one-year limitation period is a statute of limitation subject to the doctrine of equitable tolling"), *abrogated on other grounds by Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011). The doctrine of equitable tolling allows courts to toll, or stop the running of, a statute of limitations when a litigant's failure to meet it "unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quotation omitted). The party requesting equitable tolling bears the burden of establishing his right to it, and in the case of a habeas petitioner, he is entitled to equitable tolling only if he shows that (1) he has pursued his rights diligently and (2) some extraordinary circumstances prevented him from timely filing his claim. *Id.*; *see generally Davis v. United States*, 417 U.S. 333, 344 (1974) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (citation omitted)). "The federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted).

Although Mr. Morris does not expressly contend that he is entitled to equitable tolling, he does offer two explanations as to why his claims are untimely. First, he asserts that he was unable to reach his attorney, and second, he asserts that his facility was, at the time, under a pandemic-related lockdown that prevented him from obtaining a "§ 2255 packet." [Pet'r's Mot. at 10]. As to his first assertion, it is of no consequence because petitioners like Mr. Morris who pursue § 2255 relief are typically not entitled to an attorney, *see Johnson v. Avery*, 393 U.S. 483, 488 (1969) (For "prisoners who indicate, without more, that they wish to seek post-conviction relief," the onus to formulate "a claim to post-conviction relief usually rests upon the indigent

5

prisoner himself with such help as he can obtain within the prison walls or the prison system."), and Mr. Morris makes no argument that he is entitled to an attorney beyond his first appeal of right, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Beard v. United States*, No. 14-4256, 2016 WL 11780353, at *2 (6th Cir. May 6, 2016) ("[W]e have held that . . . pro se status . . . is [not] by itself an 'extraordinary' circumstance that warrants equitable tolling." (citing *Keeling v. Warden*, 673 F.3d 452, 464 (6th Cir. 2012); *Hall v. Warden*, 662 F.3d 745, 751 (6th Cir. 2011))); *cf. Ross v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." (citations omitted)); *see also* [United States' Resp. at 4 (noting that Mr. Morris "ultimately filed his § 2255 motion without communication with, or assistance from, former counsel, so there was no need to wait for almost two years before filing such a motion")].

Next, Mr. Morris's second assertion—i.e., that a pandemic-related lockdown prevented him from timely obtaining a § 2255 form—is tantamount to an assertion that he lacked access to legal materials. *See* [Pet'r's Mot. at 10 (stating that "a corona protocol 'lockdown[]' limit[ed] access to [§ 2255] material")]. As a general rule, however, "lack of access to legal materials [is] not [an] exceptional circumstance[] warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (citations omitted); *see Laws v. Christiansen*, NO. 2:21-CV-11183, 2022 WL 4587838, at *3 (E.D. Mich. Sept. 29, 2022) ("It is well-settled . . . that a petitioner's limited access to legal materials is not sufficient to warrant equitable tolling." (citing *Hall*, 662 F.3d at 750–51)). And while the "COVID-19 pandemic *could* amount to an extraordinary circumstance

warranting tolling," *Pryor v. Erdos*, No. 21-3908, 2022 WL 1021911, at *2 (6th Cir. Mar. 31, 2022) (emphasis added), Mr. Morris "must 'establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his [petition],' in other words that he 'would have timely filed had COVID-19 not caused external obstacles,'" *Faught v. Vantell*, No. 3:21-CV-321-TAV-DCP, 2022 WL 4137825, at *4 (E.D. Tenn. Sept. 12, 2022) (emphasis and alterations in original) (quotation omitted).

Mr. Morris alleges—in a single sentence—only that a pandemic-related lockdown of unspecified length hampered his ability to timely file his claims, but this generalized allegation is insufficient to warrant equitable tolling. *See id.* at *5 (determining that the petitioner had "not sufficiently proven that the restrictions related to the COVID-19 pandemic prevented him from timely filing his petition" when he raised only "generalized allegations regarding lockdowns" and "quarantine periods"); *United States v. Marshall*, Criminal Action No. 5:18-cr-00122-KKC-MAS-1Civil Action No. 5:21-cv-00072-KKC-MAS, 2021 WL 3854469, at *3 (E.D. Ky. Aug. 5, 2021) (concluding that the petitioner failed to establish his right to equitable tolling when he "simply assert[ed] that the pandemic prevented him from accessing his legal materials and the law library because his facility was on lockdown" and reasoning that the petitioner could have filed "a basic motion identifying facts he believe[d] warranted collateral relief during lockdown—even if such a motion required later supplementation"); *see also* [United States' Resp. at 4 (arguing that Mr. Morris "*could have* simply written a letter to the Court implicating ineffective assistance of counsel and the Court likely would have construed it as a § 2255 motion").

Mr. Morris, importantly, does not allege that he was on lockdown for the *entire* one-year limitations period, leaving the Court to question to what extent he diligently pursued his

7

rights and to what extent the pandemic specifically thwarted him from obtaining and timely filing his § 2255 form during the full length of the limitations period. *See Gonzalez v. United States*, No. 20-5407, 2021 WL 10352005, at *2 (6th Cir. June 29, 2021) ("[The petitioner] was not held in segregation or in lockdown for the entire limitations period. In these circumstances the district court did not err in concluding that equitable tolling was not justified."); *Andrews*, 2017 WL 6376401 at *2 ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling[.]"). In sum, Mr. Morris fails to meet his burden of showing that he is entitled to equitable tolling, and his claims are therefore untimely.

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Mr. Morris to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, Mr. Morris must demonstrate that reasonable jurists would find the Court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that reasonable jurists would not find that its dismissal of Mr. Morris's claims as time-barred is debatable or wrong. The Court therefore declines to issue a certificate of appealability to Mr. Morris.

### IV. CONCLUSION

As the petitioner under § 2255, Mr. Morris fails to meet his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is therefore **DENIED**. The Court will enter an order consistent with this opinion.

ENTER:

                      s/J. RONNIE GREER
                UNITED STATES DISTRICT JUDGE